UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| **DLTT, LLC,** an Ohio Limited Liability Company | ) Judge: |
| And | ) |
| **WADE ELBO, LLC**, a Ohio Limited Liability Company | ) |
| *DBA* | ) |
| **ELBO ROOM** | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, (hereinafter referred to as "Plaintiff" or "Mr. Foster"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Matthew B. Bryant, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants, DLTT LLC, an Ohio Limited Liability Company, and WADE ELBO LLC, an Ohio Limited Liability Company, *DBA* the Elbo Room, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1.     This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of

1

      individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property situs. The Defendants' property and operations are located in, and does business within, this judicial district.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Leland Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Leland Foster has difficulty grasping with his hands also as a result of his disability. As such, Plaintiff is substantially limited in performing one or more life activities, including but not limited to, standing and walking. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property

        to avail himself of the goods and services offered to the public at the property. Plaintiff has encountered the architectural barriers at the subject property. The barriers to access the property have endangered his safety.

6.     Defendant DLTT LLC operates and owns the Plaza where the Elbo Room and similar businesses are located. Said plaza operates at 3509-3512 W. Alexis Road, Toledo Ohio in Lucas County, where it houses the Elbo Room and similar businesses patronized by the Plaintiff and the general public. Upon information and belief, several of the spaces owned and operated by DLTT, LLC, including but not limited to the Elbo Room, are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's plaza, as a place of public accommodation, fails to comply with the ADA and its regulations.

7.     Defendant WADE ELBO, LLC owns the Elbo Room, which is located at 3515 W. Alexis Road, Toledo Ohio in Lucas County, in the Plaza owned and operated by Defendant DLTT, LLC. The Elbo Room operates as a bar and restaurant to the public, including the Plaintiff herein. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. The Elbo Room, owned and operated by WADE ELBO, LLC, as a place of public accommodation, fails to comply with the ADA and its regulations.

8.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Elbo Room and the shopping plaza owned by DLTT, LLC again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have

full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

11. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

12. A preliminary inspection of the Elbo Room and the plaza owned by DLTT, LLC has shown that many violations of the ADA exist. These violations include, but are not limited to:

The Elbo Room and the Plaza owned by DLTT, LLC -- Plaza Parking and Accessible Routes

    A. No van accessible parking in violation of the ADA whose remedy is readily achievable.

    B. Vehicles obstruct sidewalk access route due to lack of parking stops in violation of the ADA whose remedy is readily achievable.

    C. No access to isle at accessible parking spaces in violation of the ADA whose remedy is readily achievable.

    D. Insufficient number of accessible parking spaces in violation of the ADA whose remedy is readily achievable.

    E. No compliant curb accessible ramp in violation of the ADA whose remedy is readily achievable.

    F. Objects on the sidewalk including garbage cans and ashtrays obstruct accessible route in violation of the ADA whose remedy is readily achievable.

The Elbo Room and Plaza – Restroom

    G. No rear or side grab bars at toilet compartment in violation of the ADA whose

        remedy is readily achievable.

- H. Insufficient floor space at toilet compartment in violation of the ADA whose remedy is readily achievable.

- I. Door hardware requires tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

- J. Toilet compartment hardware requires tight clasping in violation of the ADA whose remedy is readily achievable.

- K. Sink faucet controls require tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

- L. Exposed pipes at lavatory not insulated to protect for scalding in violation of the ADA whose remedy is readily achievable.

- M. No lowered urinal in violation of the ADA whose remedy is readily achievable.

- N. Mirror mounted in excess of allowable height range in violation of the ADA whose remedy is readily achievable.

The Elbo Room and DLTT, LLC-- Policies & Procedures

- O. The operator and owner of the plaza lacks or has inadequate defined policies and procedures for the assistance of disabled patrons for the Elbo Room or the several other places located within the plaza, which Plaintiff has patronized, including but not limited to the Elbo Room.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the violations committed by the Defendants under the ADA or its regulations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff,

and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The Elbo Room and the Plaza where it is housed, as owned by DLTT, LLC, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including

those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The Elbo Room, and the plaza where it is housed, as owned by DLTT, LLC, are "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

21. Defendants committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges.

22. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net


/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 340-3883
Email: mbryant@bryantlegalllc.com